UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS NEALE and CHARLES KIESEL, individually, and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>WALGREEN EASTERN CO., INC.,<br>Defendant. | September 19, 2025 |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. In Connecticut, employers must pay their employees no less frequently than "weekly, or once every two weeks, all wages, salary or other compensation due each employee on a regular pay day[.]" C.G.S. Section 31-71b(a)(1). All wages due must be paid within eight days of the close of a pay period. C.G.S. Section 31-71b(b) ("The end of the pay period for which payment is made on a regular pay day shall be not more than eight days before such regular pay day..."). "When any employer fails to pay an employee wages in accordance with the provisions of [Section 31-71b] ..., such employee ... shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court,..." C.G.S. Section 31-72.

2. This remedial statute "provides penalties in order to deter employers from deferring wage payments once they have accrued." *Shortt v. New Milford Police Dept.*, 212 Conn. 294, 309 (1989); *Casuto v. Town of Greenwich*, 2013 WL 7020504 (Conn. Super. Dec. 20, 2013) (lawsuit for penalty damages was not mooted by the employer paying back wages six months earlier); *Jeska v. Hartford Healthcare Corp.*, 2025 WL 1166121, *5 (Conn. Super. Ct.

1

Apr. 15, 2025) (denying motion to strike claim for penalty damages under C.G.S. Sec. 31-72, even though final wages paid before lawsuit filed in violation of C.G.S. Sec. 31-71c(b)); *Ochieke v. Turbine Controls, Inc.*, 2014 WL 6427476, at *3 (Conn. Super. Ct. Oct. 8, 2014) (Elgo, J) (denying motion to strike claim under Sec. 31-71c(b) where defendant alleged that the plaintiff had no damages because he was paid his final wages, albeit late); *see also Reuter v. City of Methuen*, 489 Mass. 465, 476 (2022) (allowing suit for liquidated damages under Massachusetts Wage Act when payment was three weeks late); *Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943) (affirming a judgment for FLSA liquidated damages for plaintiffs who were paid their back wages before filing suit).

3.    Here, Defendant Walgreen Eastern Co., Inc. ("Walgreen") paid Plaintiffs and other Connecticut employees, including their Store Managers, on a monthly basis rather than biweekly as required by law. It paid them on the twenty-sixth day of every month for all work they performed during the month. As a result, the wages due for the first fourteen days of every month, which were due by the 22nd of the month, were paid on the 26th of the month – four days late. Walgreen's policy of paying its employees later than the law requires resulted in it retaining and delaying the payment of millions of dollars in its employees' wages for its own use and benefit to the loss and detriment of its employees.

**II.    PARTIES**

4.    Defendant, Walgreen Eastern Co., Inc. is a corporation organized and existing under the laws of the State of New York and with a principal place of business at 108 Wilmot Road, Deerfield, Illinois.

5. Plaintiff, Thomas H. Neale, is an individual residing in Tolland, Connecticut. Defendant has employed Plaintiff Neale as a Store Manager at a Walgreen store located 149 Deming Street, Manchester, Connecticut since September 28, 2020.

6. Plaintiff, Charles Kiesel, is an individual residing in Rocky Hill, Connecticut. Defendant has employed Plaintiff Kiesel as a Store Manager at the Walgreen store located at 2920 Berlin Tpke., in Newington, Connecticut since 1991.

### III. JURISDICTION AND VENUE

7. This court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332 since the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000. It also has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), as codified in relevant part in 28 U.S.C. Sec. 1332(d)(2).

8. This court has personal jurisdiction over the Defendant because it maintains dozens of locations in Connecticut where it employs hundreds, if not thousands, of workers and sells products to Connecticut residents. As a result, it transacts business in Connecticut, committed a tortious act in Connecticut, regularly does business in Connecticut and derives substantial revenue from services rendered in Connecticut. It is therefore subject to the personal jurisdiction of the District of Connecticut under Connecticut's long arm statute, C.G.S. Sec. 52-59b(a).

9. Venue exists in this district pursuant to 28 U.S.C. Sec. 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" within this disrict.

### IV. LEGAL PRINCIPLES

10. In Connecticut, employers must pay their employees no less frequently than every two weeks. C.G.S. Section 31-71b(a)(1). Wages must be paid within eight days of the close of the pay period. C.G.S. Section 31-71b(b).

11. Pursuant to this law, if a pay period begins on the first of a month, it must end no later than the fourteenth of the same month and all wages due for work performed during that period must be paid by the 22nd of the same month.

12. "When any employer fails to pay an employee wages in accordance with the provisions of [Section 31-71b] ..., such employee ... ***shall*** recover, in a civil action, (1) ***twice the full amount of such wages***, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-72 (emphasis added).

13. Pursuant to this law, employers owe twice the amount of any late paid wages when they are sued, but only the amount of any late paid wages (i.e., not "twice" that amount) if they prove by a preponderance of the evidence that they took active steps in good faith to learn the law and took active steps in good faith to comply with the law.

14. Section 31-72's language specifically authorizes Connecticut employees to sue their employers when they fail to pay their wages in accordance with our State's timing statutes, like Sec. 31-71b. *Jeska*, 2025 WL 1166121, at *3 (holding that lawsuits may be maintained under the Wage Act when final paychecks are not paid to terminated employees by the next business day as required by C.G.S. Sec. 31-71c).

15. Employers are subject to lawsuits for late payments of wages even though the wages were paid prior to the filing of the lawsuit. *Casuto*, 2013 WL 7020504, at *3-4; *Jeska*, 2025 WL 1166121, at *3-5; *Ochieke*, 2014 WL 6427476, at *3.

## V. FACTS

16. Defendant owns and operates dozens of pharmacy and other locations in Connecticut and employs thousands of people to work at its Connecticut locations.

17. Defendant employed Plaintiff Neale since September 28, 2020. Defendant employed him as a Store Manager in his last years with the company and paid Plaintiff an annual salary of $81,100 or approximately $1,560 per week.

18. Defendant maintains a common payroll policy of paying Plaintiffs and other employees on a monthly basis. It has paid them on the 26th day of each month for all the work they performed during that calendar month.

19. For example, for the work Plaintiff Neale performed during the month of June 2025, Defendant paid him on the 26th of that month. His gross pay for the month was $7,666.67.

20. Defendant should have paid Plaintiff Neale for the work he performed between June 1, 2025 and June 14, 2025, approximately $3,577.78 (14/30ths of the total amount), 8 days later or by June 22, 2025.

21. Instead, Defendant paid Plaintiff Neale for the work he performed during this period on June 26, 2025 i.e., 12 days after the 14th in violation of Connecticut law.

22. As another example, for the work Plaintiff Kiesel performed during the month of June 2025, Defendant paid him on the 26th of that month. His gross pay for the month was also $7,666.67.

23. Defendant should have paid Plaintiff Kiesel for the work he performed between June 1, 2025 and June 14, 2025, approximately $3,577.78 (14/30ths of the total amount), 8 days later or by June 22, 2025.

5

24. Instead, Defendant paid Plaintiff Kiesel for the work he performed during this period on June 26, 2025 i.e., 12 days after the 14th in violation of Connecticut law.

## VI.   CLASS ACTION ALLEGATIONS

25. Plaintiffs brings this claim on behalf of themselves and all other members of the Class.

26. The Class is defined as follows:

> All Connecticut employees of Defendant who were paid on a monthly basis, including, but not limited to Store Managers, District Managers, Healthcare Supervisors, Directors of Pharmacy and Retail Operations, Regional Healthcare Directors, Regional Vice Presidents, HR Managers, Regional Market Managers, Regional Store Care Managers, and Asset Protection Managers and Directors, during the period commencing two (2) years immediately preceding this lawsuit, i.e., August 15, 2023 and going through the date of final judgment in this matter.

27. Class certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure because all the requirements of these rules are met.

28. The Class is so numerous that joinder of all Class Members is impracticable. Defendant has maintained dozens of pharmacy and other locations in Connecticut during the period of the claim and employed hundreds, if not thousands, of workers in Connecticut who were paid monthly on or around the 26th of each month during the period of the claim.

29. There are questions of law and fact common to the Class, including whether or not Defendant's policy and/or practice of paying their employees on a monthly basis and on or around the 26th of the month violates Connecticut law by paying for the work they perform during the first 14 days of the month on the 26th of the month.

30. Plaintiffs' claims are typical of those of the Class Members. Plaintiffs' claims encompass the challenged policies and/or practices and course conduct of Defendant. Furthermore, the claims of the Plaintiffs are based on the same legal theories as the claims of the

6

putative Class Members. The legal issues as to the violation of the Connecticut Wage Act by Defendant's conduct applies equally to Plaintiffs and to the Class.

31. Plaintiffs will fairly and adequately protect the interests of the Class. The claims of the Plaintiffs are not antagonistic to those of the putative Class, and he has hired counsel skilled in the prosecution of class actions.

32. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the Parties and the court system, protects the rights of each Class Member, and maximizes recovery to Plaintiffs and the Class Members.

33. The class is administratively feasible to ascertain since the identities of the Class can be discerned by an examination of Defendant's own payroll records.

### COUNT I– Failure to pay wages in violation of C.G.S. Sec. 31-71b to the Class

34. Defendant Walgreen's conduct in failing to pay Plaintiffs and the Class for the work they perform during the first 14 days of the month on or around the 26th rather than by the 22nd violates the Connecticut Wage Act, C.G.S. Sec. 31-71b(a)1 and 31-71b(b).

35. Defendant's conduct resulted in it retaining and delaying the payment of millions of dollars of its employees' wages for its own use and benefit to the loss and detriment of its employees.

36. As a result of the foregoing, Defendant is liable to Plaintiffs and the Class for "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court,…" C.G.S. Sec. 31-72.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

1. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Appoint Plaintiffs as Class Representatives;

3. Appoint the undersigned as Class Counsel;

4. Award "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court" pursuant to C.G.S. Sec. 31-72;

5. An award of prejudgment interest in accordance with C.G.S. Sec. 37-3a;

6. Award an incentive payment to the Plaintiffs; and

7. Award such other relief as the Court deems just.

8. Plaintiffs request a jury trial for all matters alleged herein.

Dated: September 19, 2025

The Plaintiffs, THOMAS NEALE and CHARLES KIESEL, individually, and on behalf of all others similarly situated.

By their Attorneys,

_/s/ Thomas J. Durkin_
Richard E. Hayber (ct11629)
Thomas J. Durkin (ct30371)
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Tel.: 860-522-8888
Fax: 860-218-9555
Email: rhayber@hayberlawfirm.com
       tdurkin@hayberlawfirm.com